IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02358-STV

KENNETH ELLIOTT,

Plaintiff,

v.

DEPUTY MARTINEZ,

Defendant.

_____

**ORDER**

_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Defendant William Martinez's Motion to Dismiss Plaintiff's Complaint (the "Motion").  [#33]  The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment.  [##35, 37]  This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion.  For the following reasons, the Motion to Dismiss is **GRANTED**.

I.    **BACKGROUND**[1]

At the time of the events giving rise to the present matter, Plaintiff Kenneth Elliott ("Plaintiff") was a convicted and sentenced state prisoner at the Jefferson County Jail (the

_____

[1] The facts are drawn from the allegations in Plaintiff's Second Amended Complaint [#13], which must be taken as true when considering a motion to dismiss.  *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

"Jail"). [#13 at 2] Plaintiff initiated the present action by filing a Prisoner Complaint on August 31, 2021. [#1] Plaintiff filed the operative Second Amended Complaint (the "Amended Complaint") on November 9, 2021. [#13] The Amended Complaint asserted five claims for relief: (1) cruel and unusual punishment in violation of the Eighth Amendment for inadequate provision of mental health care [*id.* at ¶¶ 1–20], (2) cruel and unusual punishment in violation of the Eighth Amendment for inadequate provision of medical care [*id.* at ¶ 21], (3) unsafe and unsanitary work environment in the prison kitchen [*id.* at ¶¶ 22–41], (4) breach of a duty to protect Plaintiff from assault from another inmate [*id.* at ¶¶ 43–44], and (5) unsafe housing conditions based on the temperature of the Jail's shower water [*id.* at ¶ 46]. Claim Four was brought against Jefferson County Deputy Sheriff William Martinez ("Defendant") [*id.* at ¶ 43; *see also* #33 at 1 (stating Deputy Martinez's full name and title)]; it is unclear against which defendants the other claims were brought [*see generally id.*; *see also* #17].

On December 17, 2021, United States Magistrate Judge Gordon P. Gallagher issued a Recommendation that Claims One, Two, Three, and Five be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and that all defendants other than Deputy Martinez be dismissed from the case. [#17] Judge Gallagher further recommended that Claim Four against Defendant Martinez be drawn to a presiding judge. [*Id.*] On January 27, 2022, Senior United States District Judge Lewis T. Babcock adopted Judge Gallagher's Recommendation. [#23] As a result of Judge Babcock's Order, the only remaining claim is the allegation that Defendant Martinez failed in his duty to protect Plaintiff from an assault committed by another inmate. [*Id.*] The matter was subsequently drawn to this Court [#24] and all parties consented to proceed before the undersigned

United States Magistrate Judge for all proceedings, including entry of a final judgment [##35, 37].

With respect to the remaining claim, Plaintiff alleges that another inmate (the "Inmate") had been "acting unusual[ly] and aggressive[ly] towards other inmates" throughout the night of August 17 to 18, 2021.  [#13 at ¶ 43]  Plaintiff alleges that the Inmate "was allowed to roam freely on a lock down which [Defendant] had failed to mandate." [*Id.*]  The Inmate carried a broomstick and acted "in a dangerous manner." [*Id.*]  Plaintiff alleges that the Inmate had previously told Defendant that he was "hearing voices" and that he would like to be moved.  [*Id.*]

Several times throughout the night, unspecified inmates addressed Defendant about the Inmate's behavior and mental state.  [*Id.*]  Around 5:00 in the morning of August 18, unspecified inmates asked Defendant whether anything was going to be done about Inmate's behavior.  [*Id.*]  Defendant responded that "day shift is going to have to deal with it." [*Id.*]

At 5:30 a.m. on August 18, 2021, Plaintiff was returning to his bunk on the upper tier of the Jail after breakfast.  [*Id.* at ¶ 44]  When Plaintiff was partway up the stairs, the Inmate threw a chair at Plaintiff, hitting Plaintiff across the chest.  [*Id.*]  The Inmate continued assaulting Plaintiff with his fists until Plaintiff was able to extricate himself.  [*Id.*]  Plaintiff suffered minor injuries, including exacerbation of a previous injury to his neck. [*Id.*]  Plaintiff missed two days of work.  [*Id.*]  After the assault, Plaintiff experienced increased anxiety and had difficulty sleeping because he did not feel safe under the Jail's protection.  [*Id.*]  Plaintiff filed a grievance regarding this assault, but the answer he

received from the Jail was "shockingly inadequat[e] and unprofessional." [*Id.*] Ultimately, nothing was done about the assault. [*Id.*]

On March 29, 2022, Defendant filed the instant Motion to Dismiss, arguing that Plaintiff has failed to plausibly allege a deliberate indifference claim against Defendant, and that Defendant is entitled to qualified immunity. [#33] Plaintiff failed to timely file a response. On May 19, 2022, the Court *sua sponte* extended Plaintiff's deadline to file a response to June 3, 2022, and specifically advised Plaintiff that "failure to Respond by that date may result in the Court ruling on the Motion without input from Plaintiff." [#40] Plaintiff again failed to file a response by the extended deadline.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556).  The court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).  And "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (citations omitted); *see also Fournerat v. Wisconsin L. Rev.*, 420 F. App'x 816, 819–20 (10th Cir. 2011) (finding that the District Court erred in deeming defendants' motion to dismiss confessed because the plaintiff failed to respond).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3.  The court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## III.    ANALYSIS

As currently constituted, Plaintiff's Amended Complaint asserts a single Eighth Amendment claim alleging that Defendant failed to protect Plaintiff from a substantial known risk of serious injury.  [#13 at ¶¶ 43–44].  Defendant argues that Plaintiff has failed to allege a constitutional violation and, in any event, Defendant is entitled to qualified immunity.  [*See generally* #33]  Because the Court agrees that the Amended Complaint fails to plausibly plead that Defendant violated a clearly established right, the Court concludes that Defendant is entitled to qualified immunity on Plaintiff's Eighth Amendment claim.

The Eighth Amendment protects a prisoner's right to "humane conditions of confinement guided by 'contemporary standards of decency.'"  *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Prison officials are required to "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and . . . tak[e] reasonable measures to guarantee the inmates' safety."  *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).  As part of this obligation to take reasonable measures to guarantee an inmate's safety, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotations omitted).  "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  *Id.* (quotations omitted).

That said, not every instance of inmate-on-inmate violence "translates into constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834. Instead, to establish an Eighth Amendment violation, the victim must establish two

6

requirements.   First, there is an objective component in that the deprivation must be "sufficiently serious" such that the prisoner is denied "the minimal civilized measure of life's necessities."  *Id.* (quotations omitted).  "In cases involving a failure to prevent harm, this means that the prisoner must show that the conditions of his incarceration present an objective 'substantial risk of serious harm.'"  *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008) (quoting *Farmer*, 511 U.S. at 833).  Second, there is a subjective requirement that the prison official have a "deliberate indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 839.  This deliberate indifference is akin to recklessness as used in the criminal law.   *See id.*; *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) ("The subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." (quotations omitted)).  "The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"[2]  *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998)).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v.*

---

[2] Even where both the objective and subjective components of a deliberate indifference claim have been proven, a constitutional violation may not exist.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  *Farmer*, 511 U.S. at 844-45.

*Callahan*, 555 U.S. 223, 231 (2009) (internal quotation omitted).  Once the defense of qualified immunity has been raised, "the onus is on the plaintiff to demonstrate '(1) that the official violated a statutory or constitutional right, *and* (2) that the right was "clearly established" at the time of the challenged conduct.'"  *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

Courts have "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson*, 555 U.S. at 236.  In *Pearson*, the Supreme Court recognized that "[w]hen qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify" and thus that the determination of the first prong of the qualified immunity analysis may be "an uncomfortable exercise," because "the answer [to] whether there was a violation may depend on a kaleidoscope of facts not yet fully developed."  *Id.* at 238–39 (internal quotation omitted).  The Supreme Court further acknowledged that, in certain cases, "a court will rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional question at all."  *Id.* at 239.  Because the Court finds these principles applicable here, the Court first addresses the second prong of the qualified immunity analysis—*i.e.*, whether Plaintiff has identified a clearly established right allegedly violated by Defendant.

"To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent" such that it is "settled law."  *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018).  The Supreme Court has "not yet decided what precedents—other than [its] own—qualify as controlling authority for purposes of qualified

8

immunity."  *Id.* at 591 n.8.  The Tenth Circuit, however, has stated that "[o]rdinarily this standard requires either that there is a Supreme Court or Tenth Circuit decision on point, or that the 'clearly established weight of authority from other courts [has] found the law to be as the plaintiff maintains.'"  *Patel v. Hall*, 849 F.3d 970, 980 (10th Cir. 2017) (quoting *Klen v. City of Loveland*, 661 F.3d 498, 511 (10th Cir. 2011)).

The Tenth Circuit has explained the "clearly established" prong of the qualified immunity analysis as follows:

> A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right.  Although plaintiffs can overcome a qualified-immunity defense without a favorable case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate.  The dispositive question is whether the violative nature of the *particular conduct* is clearly established. . . .  Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.

*Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (quotations and citations omitted). Applying this standard to Plaintiff's Eighth Amendment claim, the Court concludes that Plaintiff has failed to plausibly plead that Defendant violated a clearly established right.

The Tenth Circuit has found that prison officials violated prisoners' clearly established Eighth Amendment rights by failing to prevent inmate-on-inmate violence in certain limited circumstances.  *Janny v. Harford*, No. 17-CV-00050-PAB-SKC, 2019 WL 4751761, at *6 (D. Colo. Sept. 30, 2019) (collecting cases).  These cases have involved either: "(1) direct threats to the victim leading up to the assault; (2) victims who, due to some personal characteristic or membership in a group, were particularly vulnerable to attack by other inmates; or (3) perpetrators with a recent history of violent or disruptive behavior."  *Id.* (citations omitted).  Plaintiff has not identified, nor has the Court been able

to find, any precedent from the Supreme Court or the Tenth Circuit holding a prison official liable for an inmate's injury at the hands of another inmate who was displaying signs of mental instability, but with no history of violence toward other inmates or jail staff.[3]

Because Plaintiff has not pled that he received direct threats leading up to the attack, or that he possessed a personal characteristic or group membership that rendered him particularly vulnerable to attack by other inmates, or that the Inmate who assaulted him had a recent history of violent behavior, the Court finds that he has failed to plead facts sufficient to allege that Defendant violated his clearly established rights. Accordingly, the Court GRANTS the Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's Amended Complaint. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (holding that when the plaintiff is proceeding pro se, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged

---

[3] As another court in this district has recognized:

> The Court is mindful that the Tenth Circuit's admonition that a plaintiff bears the burden of citing to the Court clearly established law, *see Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010), typically involves plaintiffs who are represented by counsel. *See, e.g., Gutierrez v. Cobos*, 841 F.3d 895, 903 (10th Cir. 2016); *Rojas v. Anderson*, 727 F.3d 1000, 1005-06 (10th Cir. 2013); *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013). However, the Tenth Circuit has reversed a trial court's dismissal of a pro se plaintiff's excessive force claim—where the trial court found the plaintiff had failed to identify a case demonstrating his right was clearly established—by itself pointing to a Supreme Court case sufficiently similar to the facts alleged and finding the plaintiff's right was clearly established. *See Ali v. Duboise*, 763 F. App'x 645, 651–52 (10th Cir. 2019).

*Brandt v. Crone*, No. 19-CV-03103-MEH, 2021 WL 681441, at *5 (D. Colo. Feb. 22, 2021), *aff'd*, No. 21-1093, 2022 WL 898761 (10th Cir. Mar. 28, 2022).  "Therefore, the Court has conducted an additional inquiry to determine whether the relevant law was clearly established as of the dates of the events." *Id.*

and it would be futile to give him an opportunity to amend" (quotation omitted));

*Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should

not attach to dismissal when plaintiff has made allegations "which, upon further

investigation and development, could raise substantial issues").

## IV.    CONCLUSION

For the foregoing reasons, Defendant William Martinez's Motion to Dismiss

Plaintiff's Complaint [#33] is **GRANTED**.  Plaintiff's Amended Complaint be **DISMISSED**

**WITHOUT PREJUDICE**.   Plaintiff is **GRANTED LEAVE** to file a Third Amended

Complaint within 21 days of this Order.  Any such Third Amended Complaint shall be

limited to a failure to protect claim against Defendant Martinez related to the events on

August 17 and 18, 2021.  Failure to file a Third Amended Complaint within 21 days will

result in the dismissal of this action.


DATED:  October 3, 2022                          BY THE COURT:



                                                 s/Scott T. Varholak
                                                 United States Magistrate Judge